IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK J. CERCIELLO, M.D., | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| vs. | : | NO. 13-3249 |
| | : | |
| KATHLEEN SEBELIUS, | : | |
| SECRETARY OF HEALTH, et al., | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                       February 29, 2016

Plaintiff Mark J. Cerciello, M.D., brings this action under the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*, seeking judicial review of the final decision of the United States Secretary of Health and Human Services which refused to remove his name from the National Practitioner Data Bank,[1] following his suspension from Defendants American Academy of Orthopaedic Surgeons and American Association of Orthopaedic Surgeons (collectively "AAOS"). AAOS has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, I will grant the motion in its entirety.

---

[1] The NPDB is a confidential information clearinghouse created by Congress with the primary goals of improving health care quality, protecting the public, and reducing health care fraud and abuse in the United States. See Title IV of the Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11101, *et seq*.

## I. BACKGROUND[2]

AAOS is a non-profit, voluntary organization for orthopaedic surgeons based in Rosemont, Illinois.  Dr. Cerciello is an orthopaedic surgeon from Pennsylvania, and has been a member of AAOS for approximately forty years.  AAOS maintains a Professional Compliance Program in which it adjudicates its members' grievances based on alleged violations of its Standards of Professionalism (SOP).  One provision of the SOP governs orthopaedic expert witness testimony and applies to AAOS members when providing expert opinions.  These standards require any AAOS expert witness testifying in a medical malpractice action to provide fair and impartial testimony and to evaluate the medical care given by the defendant against generally accepted standards.

In July 2010, Dr. Menachem Meller, another AAOS member who also resides in Pennsylvania, filed a grievance with the Professional Compliance Program alleging that Dr. Cerciello had violated AAOS's SOP on orthopaedic expert witness testimony when he submitted an expert report on behalf of a plaintiff who had sued Dr. Meller for medical malpractice in Pennsylvania.[3]  Pursuant to its bylaws, AAOS notified Dr.

---

[2] The facts are gleaned from the complaint and the extrinsic documents upon which it is based.  See GSC Partners, CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004).  For the purposes of this motion, they are presented in the light most favorable to the plaintiff, as the non-moving party, and are accepted as true with all reasonable inferences drawn in his favor.  I also note that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  Although the plaintiff did not attach AAOS's declaratory judgment complaint to his complaint, the defendants attached it to their motion to dismiss.  Because Dr. Cerciello's complaint repeatedly references AAOS's declaratory judgment complaint, I may properly consider it here.

[3] In 2005, AAOS altered its bylaws to sanction a member for participating in a malpractice proceeding against a fellow member.  These bylaws are mandatory on every member.  AAOS

Cerciello that a grievance had been filed, provided him a copy of the grievance procedures, and advised him of his deadline to submit a response. The grievance process culminated in a merits hearing. Dr. Cerciello was notified of the hearing but "failed to appear or defend his actions because he believed the grievance to be 'patently frivolous.'" See Cerciello v. Canale, 563 F.App'x 924, 925 (3d Cir. 2014) (related case). On September 24, 2011, the AAOS found that Dr. Cerciello had violated certain SOP regarding orthopaedic expert witness testimony and suspended him for two years. AAOS subsequently reported Dr. Cerciello's suspension to its membership and to the NPDB.

On April 19, 2012, Attorney Richard J. Orloski, counsel for Dr. Cerciello, sent AAOS a letter threatening litigation, stating that AAOS had used a flawed process to suspend Dr. Cerciello, and contending that AAOS or Dr. Meller had publicized the suspension. He demanded that AAOS rescind the suspension and notify everyone to whom it had reported the suspension that the report was erroneous. Mr. Orloski threatened that unless AAOS complied with these demands within ten days, he would file suit asserting claims for libel, slander, and false light. See American Academy of Orthopaedic Surgeons, et al. v. Cerciello, 13-cv-2396, Compl., Ex. A. AAOS responded that its publication of Dr. Cerciello's suspension was in conformance with its grievance procedures, and that there was no basis for his claim that AAOS had held Dr. Cerciello in false light. Id. at Ex. B. On May 7, 2012, AAOS received a second letter from Mr.

---

says that the purpose of these provisions is to ensure due process and fairness for all parties. When Defendant Cerciello wrote that report against Dr. Meller on January 26, 2010, he opined that Dr. Meller misdiagnosed a patient's shoulder injury. I note that another orthopaedic surgeon, David Glaser, M.D., performed the surgery that Dr. Cerciello determined the patient needed and Dr. Meller failed to perform.

Orloski, dated May 2, 2012, who referred to recent litigation involving Dr. Meller and AAOS and again demanded that AAOS take immediate steps to remove Dr. Cerciello's name from the NPDB.  Id. at Ex. C.

In response to these threats, on May 18, 2012, AAOS filed an action in the Northern District of Illinois against Dr. Cerciello seeking a declaratory judgment that AAOS legally suspended Dr. Cerciello's membership in AAOS, properly adhered to its internal grievance procedure in doing so, and lawfully and accurately reported the suspension to its membership and to the NPDB.[4]  The Honorable Matthew F. Kennelly of the Northern District of Illinois anticipated that the Secretary would likely be called upon to decide two key issues in this case:  (1) Was AAOS authorized to report Dr. Cerciello's suspension to the NPDB? and (2) Were the reports of Dr. Cerciello's suspension made by AAOS accurate in all respects?  American Academy of Orthopaedic Surgeons, et al. v. Cerciello, 12-c-3863, 2012 U.S. Dist. LEXIS 161437, *12 (N.D. Ill. November 10, 2012).  Accordingly, Judge Kennelly stayed the case only with respect to AAOS's request for a declaratory judgment regarding the accuracy of its report to the NPDB and whether the suspension was a reportable matter, pending an administrative ruling by the

---

[4] The regulations governing the NPDB provide an administrative remedial procedure for a health care practitioner to "dispute the accuracy of information in the NPDB" after it has been reported. 45 C.F.R. § 60.16(a).  To initiate a dispute, a health care practitioner like Dr. Cerciello must inform both the Secretary of Health and Human Services and the reporting entity (in this case AAOS) of his complaint regarding the report and the basis for the complaint.  Id. § 60.16(b). The reporting entity then has an opportunity to revise the reported information on its own.  Id. § 60.16(c).  If the reporting entity instead contests the practitioner's complaint, the Secretary reviews written information submitted by both parties in support of their positions.  Id.  The Secretary then either issues a decision explaining why the report was accurate or corrects the disputed information and gives notice of the revisions to those who received a report containing the incorrect information.  Id.

4

Secretary of Health and Human Services. Id. at *13, *19. On April 16, 2013, Judge Kennelly granted Dr. Cerciello's motion to transfer venue, and transferred the action to the Eastern District of Pennsylvania.

On June 12, 2013, Dr. Cerciello filed a complaint against Kathleen Sebelius, United States Secretary of Health and Human Services, and the AAOS. Although difficult to decipher, the complaint seems to request judicial review of the final decision of the Secretary of Health and Human Services which refused to remove Dr. Cerciello from the National Practitioner Data Bank. Dr. Cerciello claims that decision is fatally flawed.

The rambling allegations about AAOS include that the plaintiff's actions were "pure speech protected by the First Amendment in that he was merely opining on the adequacy of care provided by Dr. Meller to a particular patient using the existing standard of care under judicial oversight." See Compl. ¶ 24. Dr. Cerciello insists that he "engaged in no action that would otherwise qualify as a 'reportable event.' He wrote a report. Nothing more, Nothing less. Obviously, authoring the report is protected by the First Amendment." Id. at ¶ 26.

In his complaint, Dr. Cerciello asks that the Secretary be ordered to remove the negative report from the NPDB; and that the AAOS be ordered to "follow its bylaws and only report suspensions and expulsions that relate to patient health and welfare and cease and desist from using the National Practitioner's Date [sic] Bank to sanction physicians who testify against physicians." See Compl. at 6.

**II. LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Following the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleadings standards in federal actions have shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss under Fed. R. Civ. P.12(b)(6). Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009); see also Phillips v. County of Allegheny, 515 F. 3d 224, 230 (3d Cir. 2008).

Therefore, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The court must accept all of the complaint's well-pleaded facts as true but may disregard legal conclusions. Iqbal, 556 U.S. at 679. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. Id.; see also Phillips, 515 F.3d at 234-235. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short

6

and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in Twombly, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  Id. at 557.

### III.  DISCUSSION

AAOS argues that this action against it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because: "(1) it presents a vague and confusing set of factual allegations with no counts of law whatsoever, that asserts no cause of action, and therefore does not meet the Federal Rules' pleading requirements; (2) the vague factual allegations appear to concern the same matters at issue in a pending declaratory judgment action filed by AAOS against Dr. Cerciello, and to the extent that the allegations state any claim, they were required to have been asserted as compulsory counterclaims in that action, and Dr. Cerciello long ago missed that deadline; (3) Dr. Cerciello appears to be requesting injunctive relief only, which is impermissible because he obviously has an adequate remedy at law; (4) AAOS's alleged actions were mandated by federal law, and therefore, Dr. Cerciello has failed to state a claim; and (5) Dr. Cerciello also appears to be using his dispute with the Secretary as a vehicle for seeking review of the reasons behind his suspension from AAOS, which is not permitted by law."

### A. Pleading Deficiencies

AAOS properly argues that this complaint is fatally flawed. The complaint is vague and difficult to decipher, and does not appear to assert a claim against AAOS, rendering it difficult for AAOS to respond or otherwise defend itself. The Supreme Court held that Rule 8 "requires a 'showing,' rather than a blanket assertion of entitlement to relief." Twombly, 550 U.S. at 556 n. 3. It requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 555. Recently, the Third Circuit Court of Appeals instructed that Rule 8(a) requires that a complaint "'be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search' of the nature of the plaintiff's claim." Glover v. Fed. Deposit Ins. Corp., 698 F.3d 139, 147 (3d Cir. 2012) (quoting Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990)). The court continued,

> [p]leadings are not like magic tricks, where a plaintiff can hide a claim with one hand, only to pull it from [his] hat with the other. . . .[T]he Federal Rules do not place the onus on the defendant to piece together the disparate fragments of a disjointed complaint to distill the essence of a claim. Courts frown on "pleading by means of obfuscation" because a pleading that is "prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation."

Id. at 148 (internal quotations omitted).

Here, it is nearly impossible to glean from the complaint's allegations any cause of action brought against AAOS. There are vague allegations that AAOS violated Dr. Cerciello's First Amendment right to author "a report in favor of a patient and against a

negligent treating physician." See Compl. ¶¶ 23-24. Those allegations are clearly meritless because AAOS is not a state actor as required by 42 U.S.C. § 1983. Instead, the major focus of the allegations concerns the Secretary's refusal to remove the suspension report from the NPDB. Accordingly, because Rule 8 and Rule 12(b)(6)'s requirement of fair notice to AAOS is lacking here, I will grant AAOS's motion to dismiss. See Gage v. State of N.J., 408 Fed. Appx. 622, 624 (3d Cir. 2010) (affirming the dismissal of a complaint where "the factual matter that is present 'is so undeveloped that it does not provide the defendant with the type of notice claim which is contemplated by Rule 8'"); see also Phillips, 515 F.3d at 231 (a complaint should be dismissed under Rule 12(b)(6) due to insufficient pleading).

### B. Compulsory Counterclaims

Even if I were to find that the complaint satisfied the pleading requirements of the Federal Rules of Civil Procedure, it would still fail. AAOS properly argues that all claims against it should be dismissed because they are compulsory counterclaims that should have been asserted in AAOS's Declaratory Judgment Action. See American Academy of Orthopaedic Surgeons v. Cerciello, 13-cv-02396. Dr. Cerciello's complaint contains allegations concerning the grievance that was filed against him, the subsequent hearings, AAOS's decision to suspend Dr. Cerciello, AAOS's publication of notice of Dr. Cerciello's suspension, and AAOS's NPDB report. Those transactions and occurrences mirror the facts and issues present in the Declaratory Judgment Action where AAOS seeks a declaration that: (1) it adhered to its Grievance Procedures at all times in administering the grievance; (2) its decision to suspend Dr. Cerciello's membership is

9

valid and enforceable; (3) its report of the suspension in AAOS Now and to the NPDB is accurate and does not hold Dr. Cerciello in a false light; and (d) it did not act unlawfully in issuing a report of Dr. Cerciello's suspension to the NPDB.

The plain terms of Rule 13(a) of the Federal Rules of Civil Procedure provide: "A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." In Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc., the Third Circuit further defined a compulsory counterclaim as follows:

> For a claim to qualify as a compulsory counterclaim, there need not be precise identity of issues and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the counterclaim "bears a logical relationship to an opposing party's claim." Xerox Corp. v. SCM Corp., 576 F.2d 1057, 1059 (3d Cir. 1978). The concept of a "logical relationship" has been viewed liberally to promote judicial economy. Thus, a logical relationship between claims exists where separate trials on each of the claims would "involve a substantial duplication of effort and time by the parties and the courts." Id. Such a duplication is likely to occur when claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties. See id.; Great Lakes Corp. v. Herbert Cooper Co., 286 F.2d 631, 634 (3d Cir.1961). In short, the objective of Rule 13(a) is to promote judicial economy, so the term "transaction or occurrence" is construed generously to further this purpose.

292 F.3d 384, 389-90 (3d Cir. 2002). "A compulsory counterclaim not raised in the first action is barred in subsequent litigation." Bristol Farmers Mkt. & Auction Co. v. Arlen

Realty & Dev. Corp., 589 F.2d 1214, 1220 (3d Cir. 1978).  "The requirement that counterclaims arising out of the same transaction or occurrence as the opposing party's claim 'shall' be stated in the pleadings was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters."  Southern Constr. Co. v. United States ex rel. Pickard, 371 U.S. 57, 60 (1962).  Rule 13(a) is essentially a rule of judicial economy, aimed to reduce the burden placed on our judicial system and promote efficiency.  Since "the adoption of Rule 13(a), the courts have expressed a liberal tendency to treat counterclaims as compulsory.  The reason for this is to discourage duplication of trial and pretrial efforts."  Sun Shipbuilding & Dry Dock Co. v. Va. Elec. & Power Co., 69 F.R.D. 395, 397 (E.D. Pa. 1975) (citing 3 Moore's Fed. Practice & Procedure, § 13.13 at 13-299).

      Here, the complaint raises allegations that should have been asserted as compulsory counterclaims in the prior pending action.  The allegations arise from the same transactions and occurrences as presented in the related Declaratory Judgment Action, filed in May 2012 in the United States District Court for the Northern District of Illinois.  From the date of that filing until June 2013, the date Dr. Cerciello filed the action here, Dr. Cerciello did not threaten any counterclaim and never moved the court for leave to assert counterclaims.  In fact, Dr. Cerciello filed an Answer to the Declaratory Judgment Complaint on December 10, 2012, and did not assert counterclaims.  It is also interesting to note that during a deposition in the Declaratory Judgment Action, Dr. Cerciello's attorney refused to allow Dr. Cerciello to answer questions relating to damages or concerning the personal consequences of his suspension

11

or the reporting of his suspension. Counsel indicated that such questions were off limits because Dr. Cerciello was not asserting any claims against AAOS, further demonstrating that Dr. Cerciello had no intentions of filing counterclaims in the Declaratory Judgment Action.

Therefore, I will dismiss Dr. Cerciello's allegations against AAOS with prejudice because they are compulsory counterclaims to the Declaratory Judgment Action. See Schmidt, 1977 U.S. Dist. LEXIS 15794 at *5 (to not dismiss the claims "would result in duplicative litigation which would not only be inconsistent with the policy of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' a factor relevant to the determination of whether to [dismiss] a subsequently filed suit, but also with the policy of judicial economy enunciated in Rule 13(a)") (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)).

### C. Adequate Remedy at Law

Although the complaint asserts no identifiable cause of action against AAOS, it does contains a paragraph requesting that AAOS be ordered to "follow its bylaws and only report suspensions and expulsions that relate to patient health and welfare and cease and desist from using the National Practitioner's Date [sic] Bank to sanction physicians who testify against physicians." See Compl. at 6. This future injunctive relief requested does not even relate to Dr. Cerciello. Further, Dr. Cerciello has an adequate remedy at law which renders his request for injunctive relief inappropriate.

Equitable remedies, including declaratory and injunctive relief, are appropriate only where a plaintiff has no adequate remedy at law and will suffer irreparable injury if the relief is denied.  Morales v. Trans World Airlines, Inc., 504 U.S. 374, 381 (1992); see also Nat'l Private Truck Council v. Oklahoma Tax Comm'n, 515 U.S. 582, 591 (1995). It is a basic doctrine of equity jurisprudence that courts of equity should not act when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.  Morales, 504 U.S. at 381 (quoting O'Shea v. Littleton, 414 U.S. 488, 499 (1974)).

Here, Dr. Cerciello's own actions demonstrate that he has an adequate remedy at law.  After his suspension, counsel for Dr. Cerciello sent a letter to AAOS dated April 19, 2012, threatening AAOS with litigation:

> If it is your election to persist in your present course of conduct and not immediately remedy this situation, it would be prudent for you to turn this matter over to your general liability carriers that insure you for libel/slander/false light.  Hence, the economic loss alone shall be in eight figures.

See AAOS v. Cerciello, 13-cv-2396, Compl. Exhibit A at 2.  Dr. Cerciello's threats of money damages demonstrate that an adequate remedy at law exists, and belie any assertion that equitable relief is necessary.  See Simpler Consulting, Inc. v. Wall, 2008 U.S. Dist. LEXIS 22578, *16-17 (W.D. Pa 2008) (where a plaintiff asserts a right to money damages, it is axiomatic that he has an adequate remedy at law, and injunctive relief is not permitted).

Dr. Cerciello has failed to demonstrate that injunctive relief is appropriate or that he would suffer irreparable injury if such relief were denied. Further, it appears that he had anticipated economic damages in the range of eight figures based on AAOS's suspension. The existence of this adequate remedy at law renders his request for injunctive relief inappropriate here. Accordingly, I will grant AAOS's motion to dismiss.

An appropriate Order follows.